**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STARELLEN CARTER and
C.P., a minor,

        Plaintiffs,

v.                                                      Case No. 12-cv-11086
                                                      Honorable Denise Page Hood

TASHA HANSON,

        Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND GRANTING**
**DEFENDANT'S MOTION TO DISMISS**

Now before the Court is Magistrate Judge Mark A. Randon's Report and Recommendation. Starellen Carter filed a complaint *pro se* on behalf of her minor daughter, alleging that Tasha Hanson, a caseworker, violated C.P.'s constitutional rights. Hanson filed a motion to dismiss the complaint on June 8, 2012. Carter did not file a response. The Magistrate Judge recommends that the Court grant the motion to dismiss. Carter has no claim personal to her in this matter and, therefore, cannot appear on behalf of her minor child. *See Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003).[1] Carter has not filed any objections to the Magistrate Judge's recommendation.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This

---

[1] The result would not change if Carter represented her minor daughter as next of friend or guardian *ad litem*. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257, 1258 (W.D. Mich. 1990) ("While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child.")

Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A party's failure to file any objections waives his or her right to further appeal. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Necessarily, a party's failure to object to the magistrate judge's report and recommendation relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Given that Carter has failed to make any objection to the Magistrate Judge's findings, the Court will deem all further objections waived and accept the Magistrate Judge's recommendation in its entirety.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 17, filed August 30, 2012] is **ACCEPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [Docket No. 10, filed June 8, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED.**

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

2